UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CITY OF FORT WORTH,**

   Plaintiff,

v.                               No. 4:25-cv-00235-P

**UNITED STATES, ET AL.,**

   Defendants.

# ORDER

   The above numbered and styled action was filed on March 10, 2025, by Plaintiff City of Fort Worth against Defendants the United States of America, the Department of Defense, the Department of the Air Force, the Department of the Navy, 3M Company (f/k/a Minnesota Mining and Manufacturing Co.), AGC, Inc. (f/k/a Asahi Glass Company, Ltd.), AGC Chemicals Americas, Inc., Amerex Corporation, Archroma Management GmbH, Archroma U.S., Inc., Arkema, Inc., BASF Corporation, Buckeye Fire Equipment Company, Carrier Global Corporation, ChemDesign Products, Inc., Chemguard, Inc., Chemicals Incorporated, The Chemours Company, The Chemours Company FC, LLC, Clariant Corporation, Corteva, Inc., Daikin America, Inc., Deepwater Chemicals, Inc., DuPont de Nemours, Inc., Dynax Corporation, EIDP, Inc. (f/k/a E.I. du Pont de Nemours & Co.), Fire Service Plus, Inc., Kidde PLC, Inc. (f/k/a Williams Holdings, Inc. and/or Williams US, Inc.), Nation Ford Chemical Company, National Foam, Inc., Perimeter Solutions LP, RTX Corporation (f/k/a Raytheon Technologies Corporation), and Tyco Fire Products LP. (collectively "Defendants"). ECF No. 1.

   Plaintiff's Complaint alleges twelve different causes of action against Defendants for their part in the manufacturing, sale, and use of various chemicals which have allegedly causes environmental damage. *Id.* Plaintiff's allegations against Defendants span from the 1940s to the present day. *Id.*

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 42(b), a court may order a separate trial of one or more separate issues presented in a case. FED. R. CIV. P. 42(b); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2381, 2387–2392 (3d ed. 2024). Rule 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42. Additionally, when ordering a separate trial, the court must preserve any federal right to a jury trial. *Id.*

A district court may sever a case upon its own motion. *Fid. & Cas. Co. v. Mills*, 319 F.2d 63 (5th Cir. 1963). "Whether to conduct separate trials under the Rule is a matter left to the sound discretion of the trial court on the basis of circumstances of the litigation before it." *Alaniz v. Zamora-Quezada,* 591 F.3d 761, 774 (5th Cir. 2009*)* (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2008)) (internal quotations omitted). "There is an important limitation on ordering a separate trial of the issues under Rule 42(b): the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B&W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964). A typical lawsuit will seldom require a separate trial of the issues. *Id.*

The instant lawsuit may be described by a myriad of adjectives, but "typical" it is not. This case involves the tenth largest city in the United States suing four government entities and twenty-nine individual companies. ECF No. 1. Some of the Defendants have entered into settlement agreements that cover some but not all claims. *Id.* Other Defendants are part of this lawsuit as alleged successors in interest. Others are in bankruptcy proceedings which have allegedly been stayed for the purpose of this lawsuit. *Id.* Additionally, the alleged facts surrounding the claims against each Defendant will vary significantly based upon their distinct roles, the specific chemical involved, and the time period. *Id.* Thus, the current posture of the case is untenable for efficient docket management.

Given the challenges presented by managing a case with thirty-three individual Defendants and the high likelihood of jury confusion, the Court finds it appropriate to hold separate trials. Consequently, according to Federal Rule of Civil Procedure 42(b) and in the interest of avoiding prejudice and judicial administration, the Court **ORDERS** that this case be divided into separate cases and case numbers for separate trials. With the exception of the four government entities,[1] the Clerk of the Court shall create a case and case number for each individual Defendant. Further, it is **ORDERED** that Plaintiff, within seven days of the creation of each case, file an Amended Complaint containing the facts and allegations relevant for that particular case.

**SO ORDERED** on this **14th day of March 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's claims against the United States, the Department of Defense, the Department of the Navy, and the Department of the Air Force, shall remain in this case and case number.

3